165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Travis L. BEAN, Anthony T Bean, Andre Shawn Crenshaw, also
known as Shawn Henry Crenshaw, also known as Andre
Mapp, Defendants-Appellants.
 Nos. 98-1350, 98-1378, 98-1581.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 6, 1998.
Decided Nov. 23, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-CR-148. Thomas J. Curran, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. FRANK H. EASTERBROOK, Hon TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 None of the issues raised in the appeals of Travis Bean, Anthony Bean, or Andre Shawn Crenshaw warrant discussion in a formal published order. Accordingly, we conclude their appeals in this unpublished order
 
 
 2
 Three brothers, Travis, Anthony, and Robert Bean, along with Andre Shawn Crenshaw, went to trial before a jury on various drug-related charges in the fall of 1997. All the defendants were charged with conspiracy to distribute cocaine and cocaine base in count one. Crenshaw was charged with operating a continuing criminal enterprise (CCE) in count two, plus nine assorted counts covering such things as the distribution of cocaine (and cocaine base), use of a telephone to facilitate drug trafficking, and interstate transportation in aid of a drug dealing enterprise. In addition to the conspiracy count, Travis Bean was charged with three substantive counts of distribution of cocaine base Anthony Bean was also charged with six substantive counts of distribution of cocaine base.
 
 
 3
 Prior to submitting the case to the jury, the district court dismissed the CCE count against Crenshaw and one of the distribution counts against Travis and Anthony. The jury ultimately acquitted Robert Bean on the only charge against him (conspiracy) and convicted Travis and Anthony Bean on the conspiracy count. The jury was unable to reach a unanimous verdict on the remaining counts against the Bean brothers. In addition to the conspiracy count, the jury convicted Crenshaw on the 10 other counts against him. Hefty sentences were imposed: 196 months for both Travis and Anthony Bean and 300 months for Crenshaw. This appeal followed.
 
 
 4
 Prior to the start of the trial, Crenshaw filed a motion for a bill of particulars. As to the CCE count, he asked for the identification of the five individuals he allegedly supervised, organized, or managed The motion was denied The denial of the motion is one of the three issues Crenshaw raises on appeal. His other issues concern the sufficiency of the evidence to support the guilty finding against him on the conspiracy count and a challenge to the determination of his "relevant conduct," i.e., the weight of the drugs attributed to him under the federal sentencing guidelines.
 
 
 5
 Travis Bean challenges the denial of his mistrial motion based on Batson v. Kentucky, 476 U.S. 79 (1986) He also challenges the district court's decision to add two criminal history points to his guideline calculus for committing his crimes within 2 years of his release from a prior prison term Anthony Bean simply piggybacks onto his brother's claim that a Batson violation occurred during the selection of the jury that convicted him We'll start with the Batson claim, which can be quickly resolved
 
 
 6
 The rule of Batson is well-understood, and we need not reiterate it here. The basis for the Batson challenge in our case is this The government used one of its six peremptory challenges to strike an African-American, Vicky Stennis-Pearson, from the jury pool. While it may well be that Travis Bean failed, on the basis of the record developed below, to establish a prima facie case of a Batson violation, the district court nevertheless asked the prosecutor to explain the reason for exercising the peremptory challenge on Ms Stennis-Pearson The AUSA said that Ms. Stennis-Pearson's responses to certain voir dire questions demonstrated a degree of hostility toward the uncle of her children, a Milwaukee police officer, and that a number of police officers were going to be called as witnesses during the trial Thus she became one of the government's strikes because she might have viewed the police witnesses with suspicion The defense was offered an opportunity to demonstrate that the AUSA's stated reason was not true (i.e., was a mere pretext), but it failed to do so
 
 
 7
 The impression about the challenged juror drawn by the AUSA may have been erroneous or even goofy But there is nothing in the record to even remotely suggest that it was offered to camouflage a desire to remove a potential juror because she was black. There was no merit to the Batson challenge, as the district court appropriately found, and there simply is no way on this record we could conclude that the district judge's call on the point was clearly erroneous United States v. Carter, 111 F 3d 509, 512 (7th Cir1997) This conclusion makes it unnecessary for us to consider whether Anthony Bean can tag along on his brother's Batson challenge over the government's contention that Anthony waived the argument.
 
 
 8
 Travis Bean also argues that the district court improperly added 2 criminal history points to his guideline score because he committed his offense of conviction, conspiracy, within 2 years of having been released from a sentence of at least 60 days. U.S.S.G. § 4A1.1(e). The enhancement rested on two facts: Travis Bean was discharged from custody on February 3, 1997, after serving a 90-day sentence for possession of marijuana, and the conspiracy charged in his case was alleged to have continued through May 8, 1997. Bean argues that he did not engage in any activity in furtherance of the conspiracy between his release from custody and the end of the conspiracy and that the enhancement, therefore, should not have applied.
 
 
 9
 Bean's argument ignores the general application of conspiracy law. In a conspiracy, each member is responsible for conspiratorial acts carried out by other conspirators unless he meets the legal requirements of withdrawal, and there is no evidence in this case that Travis did. On the other hand, there is solid evidence that Anthony Bean discussed drug transactions on January 30, 1997, and that Anthony made references to obtaining drugs from Shawn Crenshaw. This conversation established that the conspiracy continued to exist and that it was ongoing at the time Crenshaw was arrested in May of 1997. At his arrest, Crenshaw was in possession of a couple of pagers, $7,000 in cash in a bag, and a ticket for an airline flight the previous day from Houston to Chicago. The evidence contains many references to cocaine trafficking coming north from Houston by Crenshaw and others Factually and legally, Crenshaw's activity proved that the conspiratorial acts, for which Travis was responsible, continued after his 90-day period of incarceration ended in early 1997. Finally, when Travis was arrested, along with Anthony, on May 27, 1997, Anthony had $625 in cash and a wristwatch pager, and Travis carried his own pager. The evidence, again, is full of notations about the use of pagers and the collection of cash in the drug dealing conspiracy. Based on this record, we cannot conclude that Judge Curran's decision to invoke the 2-point enhancement under § 4A1.1(e) was clearly erroneous
 
 
 10
 We now turn to Crenshaw's appeal, where he assigns error to the district judge's denial of his motion for a bill of particulars with regard to the CCE count in the indictment. That count alleged that Crenshaw engaged in a continuing criminal enterprise by organizing, managing, or supervising at least five other persons Judge Curran denied the motion, finding that it merely sought evidentiary detail and that the government's open file discovery policy adequately provided him with the information he sought We can only reverse this decision if we find a clear abuse of discretion by the judge, United States v. Kendall, 665 F.2d 126 (7th Cir.1981), and that would be particularly hard to do in this case because the judge dismissed the CCE count at the close of the government's case, so we could not find any prejudice even if we were so inclined to rule.
 
 
 11
 Crenshaw persists in his argument that his motion should have been granted because he says he tailored his trial strategy more to defending the CCE count than the other counts that ultimately were submitted to the jury. We are unmoved by this argument. Although the dismissal of the CCE count can perhaps be chalked up to the talents of the high-caliber lawyer who represented him, he thinks it also shows that Crenshaw must have had adequate information at his disposal, without a bill of particulars, to mount a good defense to the charge. We find no merit to the continuation of this argument on appeal.
 
 
 12
 Crenshaw's challenge to the sufficiency of the evidence supporting his conspiracy conviction faces a long journey, which he does not come close to completing. Crenshaw concedes that there is evidence of his drug dealing but insists that it is insufficient to find that he was involved in a conspiratorial relationship with others Unfortunately for him, the record is loaded with references to Crenshaw working with and directing others in the long-term (8 years) drug dealing enterprise alleged in the indictment's conspiracy count
 
 
 13
 Crenshaw's two main coconspirators were the Bean brothers, at least Travis and Anthony They engaged in a wide variety of drug transactions with witnesses to whom they stated that their source of cocaine was Crenshaw Travis Bean fingered Crenshaw to Jermaine O'Connor in the early 1990's and in early 1994; to Elijah Rimmer in 1991, to Bobby Wright; to Quan Davis in 1994; and to Davis again in 1996 Similarly, Anthony Bean characterized Crenshaw as his source of cocaine to Rimmer in 1991; to Derrick Davis, to Caprice Barksdale in 1995 and 1996; to Quan Davis in late 1996; and in a taped conversation with Quan Davis on January 30, 1997.
 
 
 14
 Rimmer testified in considerable detail about four trips he took for the purpose of transporting large amounts of cocaine from Houston to Milwaukee. Crenshaw made the arrangements for Rimmer's trips, met him in Houston, paid for his expenses, provided him with cocaine to take back, and picked that cocaine up from him in Milwaukee This is strong evidence of a conspiratorial connection between Rimmer and Crenshaw These trips also involved Travis Bean. Travis called Rimmer to arrange Rimmer's second trip in May of 1991 and was present in Houston when the cocaine was wrapped for transport back to Milwaukee On Rimmer's third trip, Travis flew with him to Houston Travis Bean was also present in Houston on Rimmer's fourth trip there to pick up drugs for transport
 
 
 15
 Wright testified to a series of drug purchases by him and his associates from Crenshaw He testified that when he wanted to buy cocaine from Crenshaw he would page Travis Bean and Crenshaw and Travis would come by with the drugs
 
 
 16
 The record contains a lot more evidence, but nothing would be gained by listing it here Suffice to say that Crenshaw's sufficiency of the evidence objection can't get off the dime
 
 
 17
 Finally, we must reject Crenshaw's challenge to the district court's finding that the drug quantities in the conspiracy placed him in base offense level 36 under the sentencing guidelines Judge Curran's finding in this regard was based on his assessment of the credibility of more than 10 witnesses who testified regarding drug transactions involving Crenshaw. Crenshaw's present challenge to this finding is little more than an invitation to us to second-guess the credibility determinations made by Judge Curran. We cannot accept that invitation. If believed, as the testimony was, a sufficient basis exists for the drug quantity findings made by the district court.
 
 
 18
 For these reasons, the judgments of conviction of all three defendants and the sentences imposed on Andre Shawn Crenshaw and Travis Bean are affirmed.